OPINION
{¶ 1} On May 6, 2004, the Richland County Grand Jury indicted appellant, Dan Taylor, Jr., on one count of domestic violence in the fifth degree in violation of R.C. 2919.25(A). Said charge arose from an incident involving appellant's wife, Elizabeth Taylor.
 {¶ 2} On August 23, 2004, appellant pled guilty as charged. By sentencing entry filed September 2, 2004, the trial court sentenced appellant to twelve months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE IMPOSITION OF THE MAXIMUM SENTENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW."
 I {¶ 5} Appellant claims his maximum jail sentence was against the manifest weight of the evidence and contrary to law. We disagree.
 {¶ 6} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 7} AThe appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} A(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 9} A(b) That the sentence is otherwise contrary to law.
 {¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} Appellant pled guilty to domestic violence in violation of R.C. 2919.25(A), a felony of the fifth degree. Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." By sentencing entry filed September 2, 2004, the trial court sentenced appellant to twelve months in prison.
 {¶ 12} Pursuant to R.C. 2929.14(C), a trial court may impose the longest prison term authorized for the offense only upon offenders "who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * * and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 13} Appellant claims the record does not support any of the factors listed in R.C. 2929.14(C). We disagree with this characterization of the trial court's sentence.
 {¶ 14} During the sentencing hearing, defense counsel admitted that appellant violated the trial court's no contact order prior to the hearing. September 1, 2004 T. at 2. The trial court explained to appellant that he keeps "using your wife as a punching bag, and you're not allowed to do that under the law." Id. at 4. The trial court noted "you've had a number of cases" but "you end up talking her into dismissing the case." Id.
 {¶ 15} It is clear from the record the trial court was willing to give appellant community control sanctions, but the violation of the no contact order caused the trial court to sentence appellant to the maximum term:
 {¶ 16} "We were ready to offer you probation which would have given you domestic violence counseling, the DOVE program, we wanted you to work through that so you would have those tools in place so that when you went back you weren't punching on your wife anymore, but you weren't patient enough. So you've ended up now putting yourself in a position of being separated from your kids for a good, long time. You would have had contact with your kids, you just wouldn't have had contact with your wife until you got these things straightened out. That's the problem, Dan, you've got no patience, you've got no self government.
 {¶ 17} "* * *
 {¶ 18} "The sentence is twelve months. I think his record in the past, unless he gets treated, presents the highest likelihood of recidivism. I need to see some change in Dan before I can be convinced that that's not going to be the case. Maximum sentence of twelve months. He gets credit for all the time he's already been in jail, of course." Id. at 4 and 7, respectively.
 {¶ 19} Given the facts, appellant's disregard of the no contact order and the numerous cases of domestic violence, appellant posed "the greatest likelihood" of re-offending. We cannot find the trial court's characterization of appellant's use of his wife as a "punching bag" as the worst form of the offense was an abuse of discretion.
 {¶ 20} Upon review, we find R.C. 2929.14(C) has been met. We cannot find clear and convincing evidence that the record does not support the sentence or that the sentence is otherwise contrary to law.
 {¶ 21} The sole assignment of error is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.